UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/07
```

V.H., on behalf of J.H.,

                                        Plaintiff,

-against-

New York City Department of Education, District 3,
Region 10,

                                        Defendant.

--------------------------------------------------------------------- x

**STIPULATION AND ORDER
OF SETTLEMENT AND
DISCONTINUANCE**

07 CV 7243 (SHS)

**WHEREAS,** the plaintiff V.H., on behalf of J.H., commenced this action by filing a summons and complaint in the United States District Court Southern District of New York on or about August 14, 2007, seeking attorneys' fees incurred in connection with case numbers 104047 and 105182, impartial hearings held pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. 1400 et seq;

**WHEREAS,** the respondent denies any and all liability arising from plaintiff's allegations;

**WHEREAS,** the parties now desire to resolve the issues raised in this complaint without further proceedings and without admission of fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, and fees in excess of the amount specified in paragraph 2 below.

2. The City of New York hereby agrees to pay Mayerson and Associates, as attorneys for plaintiff, the sum of NINE THOUSAND EIGHT HUNDRED DOLLARS

($9,800.00) ("Settlement Amount"), in full satisfaction of all claims that were or could have been raised in this action for costs, expenses, and attorney's fees. This does not, however, impact the underlying relief directed by the Impartial Hearing Officer's decisions.

3. In consideration for the payment of the Settlement Amount, plaintiff agrees to dismiss and discontinue, with prejudice, all claims against defendant and to release defendant, its successors and assigns, and all present or former officials, employees, representatives and agents of the City of New York ("City") and the New York City Department of Education ("DOE"), from any and all liability, claims, and/or rights of action arising from the allegations set forth in the complaint herein, whether known or unknown, concerning all claims for costs, expenses and attorney's fees incurred in connection with this action and the underlying administrative proceedings giving rise to this action.

4. Nothing contained herein shall be deemed to be an admission by the defendant of any of the plaintiffs' allegations, nor an admission by the defendant that it has in any manner or way violated the rights of plaintiffs, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, charters, by-laws, rules or regulations of the United States, the State of New York, or the City of New York, or any other rules, regulations or bylaws of any department or subdivision of the City of New York, including the DOE. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations except for enforcement of the provisions contained herein.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City or DOE.

6. Nothing herein shall be deemed to be an agreement or an admission by the Defendants as to the reasonableness of the number of hours spent or the hourly rates claimed by Plaintiff's counsel.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein

8. The parties understand that the Court's endorsement of this stipulation constitutes compliance with Local Civil Rule 83.2 and Federal Rule of Civil Procedure 17.

Dated:      November __ , 2007
            New York, New York

Christina D. Thivierge, Esq.              MICHAEL A. CARDOZO
Mayerson and Associates                   Corporation Counsel
Attorney for Plaintiffs                    of the City of New York
330 West 38th Street, Suite 600           Attorney for Defendant
New York, New York 10018                  100 Church Street, Room 2-110
212-265-7200                              New York, New York 10007
                                          212-788-1171

By: _____                By: _____
    Christina D. Thivierge                    Emily Sweet
                                              Assistant Corporation Counsel

SO ORDERED:

_____
U.S.D.J.
11/20/07

-3-